CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 06 2019

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonagh
DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LORENZA GERALD FEREBEE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 7:19CV00310 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| D. GIBSON, ET AL., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Lorenza Gerald Ferebee, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his federal and state rights related to a prison grievance procedure. After review of the record, the court concludes that the action must be summarily dismissed.

I.

At the time his claims arose, Ferebee was confined at Red Onion State Prison ("Red Onion"). In early 2019, he grew frustrated because "sewage water keep coming up threw [sic] the institutional pod man-hole(s) and preventing [him] from having adequate access to wash his hand(s) after using the cell toilet in order to eat any meal, because the Correctional Officer[s] have to turn off the pod water supply system." (Compl. 7 [ECF No. 1].) On February 15, 2019, Ferebee filed an Informal Complaint form about this problem, ROSP-19-INF-00364. The sewage problem continued, however, and he did not receive a response to his Informal Complaint. On February 19, 2019, Ferebee filed a second Informal Complaint form about the water issues in his cell, ROSP-19-INF-00365.

On February 25, 2019, Officer D. Gibson and the prison's plumber, D. Stallard, came to Ferebee's cell door to discuss his Informal Complaints. They asked Ferebee if he wanted to

withdraw them, but Ferebee refused to do so. Gibson allegedly told Ferebee "he'll regret that." (Id. at 9.) The officers left without returning Ferebee's Informal Complaint Forms to him.

The next day, Ferebee's Informal Complaints were returned to him through the institutional mail. He alleges that on each of the forms his "SIGNATURE HAS BEEN FORJURED [sic]" to make it appear that he had withdrawn the Informal Complaint, as the officers had urged him to do. (Id. at 8, 9.) Ferebee filed an Informal Complaint about the officers' alteration of his prior forms. In response, he was told that during an investigation of the matter, Stallard and Gibson both said Ferebee had "willfully" signed the forms to indicate that he was withdrawing them. (Id. at 11.) Ferebee explains that when an inmate withdraws an Informal Complaint, any later-filed form on the same issue will be rejected as repetitive. Without a processed Informal Complaint, the inmate cannot properly file a Regular Grievance, the next required step in the prison's grievance procedures.

In his § 1983 complaint, Ferebee asserts that the defendants' actions deprived him of his rights to "FREE EXERCISE THE REDRESS OF GRIEVANCE(S) and DUE PROCESS BY EQUAL PROTECTION OF FEDERAL AND STATE CREATED LIBERTY INTEREST." (Id. at 18.) Ferebee contends that Gibson and Stallard falsified his signature to show his withdrawal of the two Informal Complaint Forms as part of their conspiracy to retaliate against him for complaining about the water problems and to prevent him from filing a lawsuit on that issue. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Finally, Ferebee complains that the defendants violated state laws, namely, an anti-retaliation provision and other requirements of the

2

prison's grievance procedures. As relief, he seeks declaratory and injunctive relief and compensatory and punitive damages.

## II.

The court may summarily dismiss a case "brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

Ferebee has no "constitutional entitlement to and/or due process interest in accessing a grievance procedure constitutional right to participate in a prison grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 542 (4th Cir. 2017), cert. denied, 138 S. Ct. 755 (2018). Thus, his § 1983 claim that the defendants' actions prevented him from filing further grievances and appeals concerning the water issues in his cell must be summarily dismissed.

Ferebee has a First Amendment right to be free from retaliation, however, for filing the Informal Complaints as an exercise of his right to petition for redress. Id. "Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable [under § 1983] because retaliatory actions may tend to chill individuals' exercise of constitutional rights." Am. Civil Liberties Union v. Wicomico Cty., 999 F.2d 780, 785 (4th Cir. 1993). On the other hand, I must treat an inmate's claim of retaliation by prison officials "with skepticism," because prison officials' actions are often taken in direct response to a prisoner's conduct. Cochran v. Morris, 73 F.3d

3

1310, 1317 (4th Cir. 1996). "[T]o state a colorable retaliation claim under Section 1983, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017), cert. denied, 138 S. Ct. 738, (2018).

Ferebee's allegations satisfy only the first and third factors in this standard. As stated, he was exercising his constitutionally protected right to petition when he filed his Informal Complaint about the water problems, in satisfaction of the first factor. He has also alleged that the defendants falsified withdrawal of that form because it complained about water problems, in satisfaction of the third factor. Ferebee's retaliation claim fails, however, because he cannot show that this sequence of events had a sufficiently adverse effect on his ability to exercise a First Amendment right.

"For purposes of a First Amendment retaliation claim under Section 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. I will assume that the defendants' alleged forgeries prevented Ferebee from filing additional Informal Complaints or Regular Grievances about the water problems. Because he has no constitutional right to participate in a prison grievance procedure, see Booker, supra, his alleged preclusion from filing future grievance forms or appeals was not a deprivation of constitutional proportions. Moreover, the unavailability of the prison's grievance procedures on the water issue did not preclude Ferebee from exercising his right to petition or his right to access the courts, because he retained the ability to file a federal lawsuit on the matter. See Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (finding that inmate who fails to exhaust administrative remedies before filing federal civil action may

escape dismissal under 42 U.S.C. § 1997e(a) if he proves that those remedies were not available to him). For the stated reasons, I conclude that Ferebee's allegations do not state an actionable § 1983 retaliation claim.

Consequently, Ferebee's allegations also fail to support a § 1983 conspiracy claim. Such a claim requires showing that purported conspirators agreed to take some action that violated the plaintiff's constitutional rights. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Here, for the reasons I have already described, the defendants' actions did not deprive Ferebee of any constitutionally protected right, so they cannot not support a § 1983 conspiracy claim.

In addition, Ferebee's contentions do not state any claim that he was denied equal protection. For such a claim, an inmate "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citation omitted). Ferebee has made no such showing.

The defendants' alleged forgery of Ferebee's name may have violated some prison regulation or rule. Violations of state procedural regulations, however, do not present any claim actionable under § 1983. Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state[ official's] failure to abide by that law is not a federal due process issue.").

For the reasons stated, I will summarily dismiss Ferebee's § 1983 claims without prejudice, pursuant to 28 U.S.C. § 1915A(b)91), for failure to state a claim. As such, pursuant to 28 U.S.C. § 1367(c), I decline to exercise supplemental jurisdiction over any related state law claims and will dismiss them without prejudice. An appropriate order will issue this day. Dismissal without

prejudice leaves Ferebee free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this memorandum opinion.

The clerk will send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTERED** this 6th day of June, 2019.

                                            SENIOR UNITED STATES DISTRICT JUDGE